# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TEAKELL D. SMITH**
**United States Army, Appellant**

ARMY 20110401

Headquarters, Seventh U.S. Army Joint Multinational Training Command
Jeffery Nance, Military Judge (arraignment)
Wendy Daknis, Military Judge (trial)
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant: Captain Robert H. Meek, III, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief).

For Appellee: Captain Daniel H. Karna, JA (argued); Colonel John P. Carrell, JA; Major Elisabeth A. Claus, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

26 December 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOK, Senior Judge:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape by force, one specification of wrongful sexual contact, one specification of indecent acts, and one specification of assault consummated by a battery in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928 (2006 & Supp. III 2010) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for seven years, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant alleges, *inter alia*, that his convictions for wrongful sexual contact, indecent acts, and assault consummated by a battery constitute an unreasonable multiplication of charges for findings and should be dismissed. Upon consideration of the entire record of trial, the parties' pleadings, and oral argument, we agree and will grant relief in our decretal paragraph. Appellant's remaining assignments of error and those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), merit neither discussion nor relief.

## BACKGROUND

In the early morning hours of 7 February 2010, appellant and a fellow soldier offered to share a cab ride home with CZK as they were all leaving a night club in Garmisch, Germany. CZK was a German-national who was married to a U.S. soldier and had given birth six weeks earlier. Due to CZK's level of intoxication, she fell asleep in the cab. She awoke upon the cab's arrival at the Edelweiss hotel, where appellant and his friend were staying. Appellant and his friend invited CZK into the hotel to have another drink, but CZK was unable to enter the U.S. military hotel because she did not have proper identification on her person.

CZK was familiar with the town and decided to walk home. Appellant followed her despite CZK's protests. CZK had trouble walking because it was snowing and her shoes provided no traction. After CZK rejected appellant's request for oral sex, appellant grabbed CZK by her arm and shoulder, dragged her to a parked car that was covered in snow, bent her over face-down on the car, and after removing her nylons and underwear, put his penis into her vagina. CZK attempted to fight appellant off, but was unable to escape because he was forcefully pinning her to the car. Appellant eventually stopped raping CZK and walked off. CZK pulled her clothes back up and called her husband. CZK's husband immediately took CZK to a local hospital and German police were contacted.

At trial, appellant was convicted of the following offenses:

CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 120

> SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Garmisch, Germany, on or about 7 February 2010, cause [CZK] to engage in a sexual act, to wit: penetrate her vulva with his penis by using physical violence, strength and power sufficient that she could not avoid or escape the sexual conduct.

2

SPECIFICATION 2[1]:  In that [appellant], U.S. Army, did, at or near Garmisch, Germany, on or about 7 February 2010, engage in sexual contact with [CZK], to wit: touch with his hands the buttocks, and such sexual contact was without legal justification or lawful authorization and without the permission of [CZK].

SPECIFICATION 3[2]:  In that [appellant], U.S. Army, did, at or near Garmisch, Germany, on or about 7 February 2010, wrongfully commit indecent conduct, to wit: engage in a sex act with [CZK] in public view.

CHARGE II:  VIOLATION OF THE UCMJ, ARTICLE 128

THE SPECIFICATION:  In that [appellant], U.S. Army, did, at or near Garmisch, Germany, on or about 7 February 2010, unlawfully touch [CZK] on the arms, hips and legs with his hands.[3]

After findings, the military judge asked both government and defense counsel what their positions were on considering all charges and specifications "as one for sentencing."  Both counsel agreed that for sentencing, all charges and specifications should be merged.  The military judge merged all charges and specifications for sentencing and instructed the panel accordingly.

**LAW AND ANALYSIS**

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."  Rule for Courts-Martial 307(c)(4).  The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)).  In *United States v. Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

---

[1] Originally Specification 4, re-numbered as Specification 2.
[2] Originally Specification 5, re-numbered as Specification 3.
[3] Based on our review of the record, we note there is insufficient evidence that appellant assaulted CZK on the legs with his hands.  However, this issue is rendered moot by our decision in this case.

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?[4]

(2) Is each charge and specification aimed at distinctly separate criminal acts?

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?

(4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338-39. In *United States v. Campbell*, our superior court further clarified that:

[T]he concept of unreasonable multiplication of charges may apply differently to findings than to sentencing. For example, the charging scheme may not implicate the *Quiroz* factors in the same way that the sentencing exposure does. In such a case, and as recognized in *Quiroz*, "the nature of the harm requires a remedy that focuses more appropriately on punishment than on findings."

71 M.J. at 23 (quoting *Quiroz*, 55 M.J. at 339).

---

[4] This court may grant relief under our Article 66(c), UCMJ, powers to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)). This "awesome, plenary, *de novo* power" provides us with the authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal. *Id.* (quoting *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). *See also United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) ("[A]pplication of the *Quiroz* factors involves a reasonableness determination, much like sentence appropriateness, and is a matter well within the discretion of the CCA in the exercise of its Article 66(c), UCMJ, . . . powers.").

Application of the *Quiroz* factors in this case balance in favor of appellant and require a finding of unreasonable multiplication of charges for findings. *See id.* (noting that one or more factors may be sufficiently compelling, without more, to warrant relief).

The convictions for wrongful sexual contact and assault consummated by a battery exaggerate appellant's criminality because the facts supporting each conviction were not aimed at distinct, separate, criminal acts, but rather, were part of the single transaction of appellant's rape of CZK. This is further supported by government counsel's response to the military judge's question of whether to merge all charges and specifications for sentencing: "the government believes that for sentencing, [the maximum punishment] should be only [for] the greater offense of rape and that everything else is subsumed within the same *actus rea* [sic]. . . ." As a result of the government's attempt to parse out what was essentially one act of forcible rape, the "piling-on" of these two additional charges against appellant constitutes an unreasonable multiplication of charges for findings.

Similarly, appellant's conviction for indecent acts is also unreasonably multiplied for findings under the facts of this case. It is important to note that our superior court reiterated in *Campbell* "the fact that these [*Quiroz*] factors are not 'all-inclusive'" and serve merely as a guide to both military judges and service courts of appeals. 71 M.J. at 23 (quoting *Quiroz*, 55 M.J. at 338-39).

The indecent acts conviction misrepresents appellant's criminality for several reasons. First, the indecent act was based on the same sex act with CZK that was charged in the forcible rape specification. Second, while it is arguable that the offense of indecently having sex in public protects a different victim—the public— and as such is aimed at a distinct criminal purpose, the government never argued at trial that the interest it was protecting by charging indecent acts was a societal purpose. That is, instead of arguing that the indecent acts specification should not be merged for sentencing due to its protection of a distinct societal interest, the government argued that all of the offenses, including indecent acts, should be merged for sentencing because it was "subsumed within the same *actus rea* [sic]. . . ." More importantly, in response to one of appellant's pretrial motions, the government argued at trial the sole reason it charged appellant with indecent acts was "in the alternative" to the rape specification. Specifically, government counsel stated in the motion: "assuming the panel cannot agree with the prosecution that a sexual act . . . between the Accused and the Victim was nonconsensual, then they are asked in this charging scheme to determine whether the incident described to the them was indecent conduct."

The tactic of charging in the alternative is permissible and often wise, but it also has consequences. *See generally United States v. Jones*, 68 M.J. 465, 472-73 (C.A.A.F. 2010) ("[T]he government is always free to plead in the alternative.").

Therefore, although we find no abuse in the drafting of the charges under the fifth *Quiroz* factor, where the government explicitly informed appellant and the trial court of their strategy to charge indecent acts in the alternative as a theory of consent versus nonconsent of the same sex act, coupled with the government's concession in the record that all charges and specifications are based on the "same *actus rea* [sic]" and should be merged for sentencing, the government is not free to argue on appeal that it intended to pursue convictions under both theories. The facts and circumstances of this case compel us to merely give effect to the government's intent and plan all along—to secure but one conviction out of the two charges of rape and indecent acts. So, we find appellant's conviction for indecent acts constituted an unreasonable multiplication of charges for findings.

**CONCLUSION**

The findings of guilty of Specifications 2 and 3 of Charge I and the Specification of Charge II and Charge II are set aside. Specifications 2 and 3 of Charge I, the Specification of Charge II, and Charge II are dismissed. The remaining findings of guilty are AFFIRMED.

In *United States v. Sales*, our superior court set forth the standard for sentence reassessment: "if the [service] court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error . . . ." 22 M.J. 305, 308 (C.M.A. 1986). After conducting a thorough analysis on the basis of the entire record and in accordance with the principles articulated in *United States v. Sales*, *id.*, and *United States v. Winckelmann*, __ M.J. __, slip op. at 12-13 (C.A.A.F. 18 Dec. 2013), we are confident in our ability to reassess appellant's sentence without the need for a rehearing.

In evaluating the *Winckelmann* factors, we find there is no dramatic change in the penalty landscape or significant decrease in sentencing exposure because appellant's conviction for rape by itself carried a maximum punishment of life without the possibility of parole, and the military judge instructed the panel members to consider all of the offenses "as one for sentencing." Appellant's adjudged sentence was also well-below the maximum. The gravamen of appellant's misconduct remains the rape of CZK—a German-national—in Germany, and the same evidence supporting the dismissed convictions would have still been admissible as aggravation evidence. Finally, this court reviews the records of a substantial number of courts-martial involving sexual misconduct and we have extensive experience with the level of sentences imposed for such offenses under various circumstances.

After our review of the record, we are confident that the panel would have adjudged the same sentence absent the errors noted. We also conclude, pursuant to

Article 66, UCMJ, that such a sentence is appropriate for the remaining guilty finding of rape.

The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court