# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ISAAC A. THOMPSON**
**United States Army, Appellant**

ARMY 20111014

Headquarters, 82d Airborne Division (Rear) (Provisional) (convened)
Headquarters, 82d Airborne Division (action)
G. Bret Batdorff, Military Judge (arraignment)
Tara A. Osborn, Military Judge (trial)
Lieutenant Colonel Paul J. Cucuzzella, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

23 April 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

LIND, Senior Judge:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of rape and one specification of forcible sodomy in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925 (2006 & Supp. III 2010) [hereinafter UCMJ]. The military judge also convicted appellant, pursuant to his pleas, of one specification of wrongful possession of marijuana in violation of Article 112a, UCMJ, 10 U.S.C. § 912a (2006). The panel sentenced appellant to a bad-conduct discharge and six months confinement. The convening authority approved five months of the sentence to confinement and the bad-conduct discharge. The convening authority also credited appellant with fourteen days against his sentence to confinement.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant alleges that Specification 2 of Charge III (rape) and the Specification of

Charge IV (forcible sodomy) constitute an unreasonable multiplication of charges for findings. The government concedes that the specifications are unreasonably multiplied because they arise from one transaction. We agree and will grant relief in our decretal paragraph. We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and conclude they do not merit discussion or relief.

Specification 2 of Charge III alleged that appellant "did, at or near Fort Bragg, North Carolina, on or about 14 November 2010 cause [A.T.] to engage in a sexual act, to wit: inserting his tongue into her vagina, by applying strength to her legs, sufficient that she could not avoid or escape the sexual conduct." The Specification of Charge IV alleged that appellant "did, at or near Fort Bragg, North Carolina, on or about 14 November 2010, commit sodomy with [A.T.], by force and without the consent of the said [A.T]."

At trial, defense counsel moved the court to rule these two specifications were unreasonably multiplied for sentencing. The military judge granted the defense's motion without objection from the government. Defense never raised the issue of whether the specifications were also unreasonably multiplied for findings.[1]

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

---

[1] This court may grant relief under our Article 66(c), UCMJ, powers to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)). This "awesome, plenary, *de novo* power" provides us with the authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal. *Id.* (quoting *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). *See also United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) ("[A]pplication of the *Quiroz* factors involves a reasonableness determination, much like sentence appropriateness, and is a matter well within the discretion of the CCA in the exercise of its Article 66(c), UCMJ, . . . powers.").

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338-39.

The government concedes "appellant is entitled to relief because the second and third [*Quiroz*] factors weigh in his favor."[2] The government asserts, and we agree, that the second factor favors appellant because the rape and forcible sodomy specifications "essentially charge the same conduct—appellant forcibly penetrating AT's vagina with his tongue—at the same time against the same person." Trial counsel made no effort to present the forcible sodomy and the rape specification as applying to separate criminal acts. Further, trial counsel indicated in his closing argument that the rape and forcible sodomy occurred concurrently, and agreed with defense counsel that these offenses should be merged for the purpose of sentencing. We also agree the third factor weighs in appellant's favor because the two specifications unreasonably exaggerate appellant's criminality for the same act. Under the facts of this case, the *Quiroz* factors balance in favor of appellant and we find Specification 2 of Charge III and the Specification of Charge IV are unreasonably multiplied for findings. *See Campbell*, 71 M.J. at 23 (noting that "one or more [*Quiroz*] factors may be sufficiently compelling, without more, to warrant relief on unreasonable multiplication of charges . . . .").

## CONCLUSION

The finding of guilty of Specification 2 of Charge III is set aside and that Specification is dismissed. The remaining findings of guilty are AFFIRMED.

Applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986), and the factors provided by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013), we are confident we can reassess appellant's sentence. First, there is no dramatic change in the penalty landscape or significant decrease in sentencing exposure because the military judge found the

---

[2] The government requests that we set aside the finding of guilty of specification 2 of Charge III.

dismissed rape specification and the forcible sodomy specification were unreasonably multiplied for sentencing. The military judge consequently instructed the panel members to consider these two specifications "as one for sentencing." Furthermore, appellant's conviction for rape alone carried a maximum sentence to confinement for life without the possibility of parole. The remaining rape and forcible sodomy convictions capture the gravamen of appellant's criminal conduct. The same aggravation evidence admissible and relevant to the dismissed rape specification remains admissible and relevant to the forcible sodomy conviction. Lastly, this court routinely hears cases involving sexual assaults and is capable of reliably determining what sentence the panel would have adjudged for the remaining convictions.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Sales*, 22 M.J. at 308, and *Winckelmann*, 73 M.J. at 15, the sentence approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4