**UNITED STATES**

v.

**Sergeant Michael O. COLE, FR 461–15–1555, United States Air Force.**

**ACM 27858.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 May 1989.

Decided 16 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain James C. Sinwell.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

LEONARD, Judge:

We specified two issues in this case. The first was the extent to which the basis for an expert opinion may be inquired into on cross-examination.* Specifically, may the inquiry extend without restriction into areas of hearsay and uncharged misconduct and be used as a means for counsel to bring before the court evidence that otherwise would be clearly inadmissible?

Mil.R.Evid. 703 allows an expert witness to rely upon facts or data that are not admissible if the facts or data are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. Further, Mil.R.Evid. 705 provides "The expert may ... be required to disclose the underlying facts or data on cross-examination."

Although great leeway is provided to cross-examiners to inquire into the basis of an expert's opinion, the right to do so is not without limitation.

Federal courts considering this issue under Fed.R.Evid. 703 and 705 have applied the balancing test under Fed.R.Evid. 403 to determine the admissibility of uncharged misconduct elicited as a basis for an expert's opinion. *United States v. Wright*, 783 F.2d 1091 (D.C.Cir.1986); *United States v. Gillis*, 773 F.2d 549 (4th Cir.1985). The *Gillis* case contains an example of a trial judge properly applying the Fed.R. Evid. 403 balancing test, in a session without jurors, before ruling on the admissibility of cross-examination concerning the facts behind defendant's prior prosecution for transportation of a stolen motor vehicle and kidnapping. *Id.* at 553.

Chief Judge Hodgson, of this Court, noted the danger of an unrestricted cross-examination into the basis of an expert's opinion in the case of *United States v. Neeley*, 21 M.J. 606 (A.F.C.M.R.1985). In that case, he cited the editorial comment of S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 596 (2d ed. 1986) that "unless care is taken in utilizing Rule 703, parties can 'smuggle' much hearsay evidence into a case, when such evidence is not properly admitted for its truth." This citation was noted with approval by Judge Cox when the case was reviewed at the next level. *United States v. Neeley*, 25 M.J. 105 (C.M.A.1987). Judge Cox went a step further and endorsed the recommendation of Saltzburg, Schinasi, & Schlueter to use Mil.R.Evid. 403 as the means to resolve the admissibility of otherwise inadmissible evidence that is elicited as part of the basis of an expert's opinion under Mil.R.Evid. 703 and 705. *Id.* at 107; *United States v. Stark*, 24 M.J. 381 (C.M.A.1987); S. Saltzburg, *supra*, at 596.

In applying the balancing test under Mil. R.Evid. 403, the questions to be asked are: Is the proffered evidence relevant? If so, does the danger of unfair prejudice created

---

* The issue specified was: Did the military judge err in allowing the trial counsel to elicit evidence under Mil.R.Evid. 705 from the defense expert witness of an uncharged sodomy offense that had been dismissed pursuant to the pretrial agreement?

by the testimony outweigh its probative value? *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988); *Neeley*, 25 M.J. at 107.

Appellant pleaded guilty to, and was convicted of, two specifications of committing indecent acts with his two stepdaughters. According to the stipulation of fact and appellant's responses during his providency inquiry, the indecent acts consisted of fondling the breasts and buttocks of one stepdaughter and fondling the breasts and genitals of the other stepdaughter on divers occasions. Other charges and specifications, including one alleging sodomy with the younger stepdaughter, were dismissed by the government pursuant to the terms of the pretrial agreement.

In the presentencing portion of the trial, appellant called an expert witness, Dr. Dougher, to offer an opinion about appellant's amenability to treatment in a sex offender's treatment program. Dr. Dougher was an associate professor in the University of New Mexico, Department of Psychology and Director of the University's Sex Offender Research and Treatment Program. He had interviewed the appellant, given him a battery of psychological tests, and performed a physiological assessment of his sexual arousal patterns.

As his first subject of cross-examination, the trial counsel sought to elicit from Dr. Dougher the fact that the appellant, during his interviews, had admitted engaging in oral sodomy with the younger stepdaughter. Defense counsel objected, but, after hearing both sides' positions, the military judge overruled the objection stating: "Defense has opened the door. Prosecution may inquire as to the basis for this opinion and to the validity of the opinion based on the facts told to him." No Mil.R.Evid. 403 balancing test was mentioned and no limiting instruction was considered.

After eliciting the information about the oral sodomy, the trial counsel abruptly discontinued that line of questioning and the remainder of his cross-examination dealt with the technical description of the appellant's diagnosis, his recidivism potential, and the results of the physiological assessment. He did not ask Dr. Dougher for details of any other acts or types of sexual conduct with either stepdaughter and did not attempt to attack the validity of the opinion based on the oral sodomy admission.

■ Applying the rationale of *Neeley* to appellant's case, we find the military judge erred in overruling the defense counsel's objection. *Neeley*, 25 M.J. at 107. The evidence of oral sodomy elicited by the trial counsel had very little relevance, if any, to the issues in appellant's case. It certainly had no direct relevance to the charged offenses. It also had very limited relevance to the basis of the expert opinion. Dr. Dougher testified he based his opinion on psychological testing, physiological assessment and his interviews with appellant. One type of sex act mentioned briefly in one of the interviews would have had little or no impact on his opinion. Further, it was obvious the trial counsel did not elicit the evidence to challenge the validity of Dr. Dougher's opinion. In fact, based on the timing and the remainder of the cross-examination, it appears that trial counsel's sole motive in eliciting the uncharged misconduct was to bring it before the court members rather than to attack the basis for the opinion.

In view of the limited relevance of the uncharged misconduct, the next concern is the balancing of the probative value against the danger of unfair prejudice. In the *Neeley* case, the court found hearsay opinions that the appellant had intentionally inflated the results of psychological tests were improperly admitted after examining the possible motives of counsel in eliciting the evidence and weighing their probative value against the danger of unfair prejudice. *Neeley*, 25 M.J. at 107. In the case before us, appellant was convicted of indecent acts involving external fondling and was being sentenced for these offenses. During the presentencing portion of his trial, the trial counsel, under the guise of seeking the basis of an expert's opinion, was allowed to elicit evidence of uncharged sodomy, a far more serious offense, and no limiting instruction was given. The unfair

prejudice of this evidence far outweighed any possible probative value.

■ The second specified question was whether the error prejudiced substantial rights of the appellant. In *Neeley*, the court found the degree of prejudice was so slight that "there was no reasonable likelihood that the admission of the evidence affected the judgment of the triers of fact." *Neeley*, 25 M.J. at 108. This rationale does not apply to appellant's case. Improperly admitting evidence that the appellant committed oral sodomy with his stepdaughter when she was only nine years old was highly prejudicial in comparison with the offenses for which appellant was being sentenced. Therefore, under the circumstances of appellant's case, we cannot say there was no reasonable likelihood the error substantially prejudiced the court's determination of his sentence. Appellant's sentence must be set aside.

The lesson to be learned from this case is that there is a limit to how far counsel may go in inquiring into the basis for an expert opinion. Military judges should be alert to this issue and apply the balancing test of Mil.R.Evid. 403 *on the record* whenever they rule on an objection concerning inquiry into the basis of an expert's opinion. Further, when they decide to admit such evidence over the objection of a party, the possibility of a limiting instruction should be considered and discussed with counsel.

We have examined the record of trial, the assignments of error and the government's reply. The findings of guilty are correct in law and fact and are affirmed. Having found error which materially prejudiced the substantial rights of the appellant, the sentence is set aside. A rehearing on sentence may be held.

Judge MURDOCK concurs.

FORAY, Senior Judge (dissenting):

Appellant was convicted of offenses [1] which carried as maximum punishment, a dishonorable discharge, confinement for 14 years, forfeiture of all pay and allowances, and reduction to the grade of airman basic. Even after hearing the evidence the majority finds to have been erroneously admitted into evidence to the prejudice of appellant, the court-martial members only sentenced appellant to a bad conduct discharge, confinement for one year, and reduction to airman basic.[2] The adjudged sentence was even less than that which appellant had assessed to be an appropriate one for these offenses at the time he made an offer for a pretrial agreement to the convening authority.[3] I would hold that appellant was not prejudiced by the supposedly erroneous admission into evidence of an act of misconduct not charged. Considering the entire record "the danger of unfair prejudice was inconsequential." *United States v. Neeley*, 25 M.J. 105 (C.M.A.1987).

I would affirm the approved findings and sentence.

---

1. Appellant was convicted of two offenses of committing indecent acts, with intent to gratify his sexual desires, upon his step daughters who were ten and twelve years old, respectively, on divers occasions between 14 November 1986, and 30 September 1987, in violation of Article 134, UCMJ, 10 U.S.C. § 934.

2. During the sentencing portion of the trial the trial counsel argued that a dishonorable discharge, confinement for six years, and reduction to the grade of airman basic was an appropriate punishment to be adjudged by the members. At no time during his argument did he make any reference to the act of misconduct not charged previously admitted into evidence.

3. As consideration for appellant's offer to plead guilty, as set forth in his Offer for Pretrial Agreement, the convening authority undertook to only approve a sentence that would not exceed a bad conduct discharge, confinement for 18 months, forfeiture of $350.00 per month for 18 months, and reduction to the grade of airman basic.