**270**

UNITED STATES, Appellant,

v.

Michael O. COLE, Sergeant, U.S. Air Force, Appellee.

No. 63,972.

ACM 27858.

U.S. Court of Military Appeals.

Argued April 18, 1990.

Decided Sept. 27, 1990.

For the Accused: *Major Ronald G. Morgan* (argued); *Colonel Richard F. O'Hair* (on brief).

For the U.S.: *Captain James C. Sinwell* (argued); *Colonel Robert E. Giovagnoni* and *Major Paul H. Blackwell, Jr.* (on brief).

*Opinion of the Court*

COX, Judge:

In this case the Judge Advocate General of the Air Force asks us to delimit the powers of the Court of Military Review regarding review of evidentiary rulings by military judges. Art. 66, Uniform Code of Military Justice, 10 USC § 866. Specifically, pursuant to Article 67(b)(2), UCMJ, 10 USC § 867(b)(2), the Judge Advocate General of the Air Force certified the following issue:

> WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED, AS A MATTER OF LAW, BY APPLYING THE WRONG STANDARD OF REVIEW IN EVALUATING THE MILITARY JUDGE'S RULING ON THE ADMISSIBILITY OF UNCHARGED MISCONDUCT DURING PRESENTENCING PROCEEDINGS UNDER MIL.R. EVID. 403 WHEN IT SUBSTITUTED ITS OWN JUDGMENT FOR THAT OF THE MILITARY JUDGE RATHER THAN DETERMINING WHETHER HIS RULING WAS AN ABUSE OF DISCRETION.

The accused, Sergeant Cole, was originally charged with six specifications of committing indecent acts with two juvenile females, in violation of Article 134, UCMJ, 10 USC § 934, and with one charge of sodomy with a juvenile female, in violation of Article 125, UCMJ, 10 USC § 925. Pursuant to a pretrial agreement, he pleaded guilty to

two of the six specifications of indecent acts; as a result, the sodomy charge and the four remaining indecent-act charges were dismissed. He was sentenced by the members to 1 year's confinement, reduction in rank to airman basic, and discharge from the Air Force with a bad-conduct discharge.

During the hearing on sentence, the accused called as a witness in his behalf an expert witness in the field of clinical psychology, Dr. Michael Dougher. Mil.R.Evid. 702, Manual for Courts–Martial, United States, 1984. The primary thrust of Dr. Dougher's testimony was that the accused was amenable to out-patient treatment for his psychological problems concerning sexual behavior with children and that such treatment was available in the military community. Thus, based upon this opinion, the accused argued that lengthy confinement was not appropriate.

On cross-examination of the expert, trial counsel immediately attempted to inquire into the expert's basis for his opinion, asking particularly about the expert's knowledge of the accused's sexual activity with the children. Mil.R.Evid. 703. The defense objected "to counsel bringing out circumstances which Sergeant Cole may have told him about which contained—which are uncharged misconduct for this case." The objection was overruled.

On further cross-examination, trial counsel elicited from the doctor that there was a progression of sexual activity between the accused and the victims, culminating in "oral sexual contact." There was no reference to the dismissed charges or to any specific acts of misconduct. The questions were general and the answers somewhat ambiguous, although it is fair to say that the expert's answers suggested that there was more sexual activity than the charges might lead one to believe existed. On final argument concerning the sentence, trial counsel did not argue that the additional acts of misconduct constituted aggravating evidence.

The Court of Military Review, by a divided vote, concluded that the military judge had erred in permitting the cross-examination. 29 MJ 873 (1989). The basis for the majority view was twofold. First, the cross-examination clearly elicited evidence which "had very little relevance, if any, to the issues in appellant's case." Indeed, the Court of Military Review found:

> In fact, based on the timing and the remainder of the cross-examination, it appears that trial counsel's sole motive in eliciting the uncharged misconduct was to bring it before the court members rather than to attack the basis for the opinion.

*Id.* at 875.

Second, relying on Mil.R.Evid. 403 and the decision of this Court in *United States v. Neeley*, 25 MJ 105 (CMA 1987), *cert. denied*, 484 U.S. 1011, 108 S.Ct. 710, 98 L.Ed.2d 660 (1988), the Court of Military Review concluded that the military judge had not weighed the danger of unfair prejudice to the accused against any probative value that the evidence must have. 29 MJ at 875. The Court of Military Review then concluded that admission of the evidence was not harmless error as defined by Article 59(a), UCMJ, 10 USC § 859(a), and ordered a rehearing on sentence.

In *Neeley*, we had been concerned with "smuggling" otherwise inadmissible evidence into the trial under the disguise of attacking the basis of an expert's opinion. Mil.R.Evid. 703; 25 MJ at 106. To resolve the problem, we endorsed the recommendation in the *Military Rules of Evidence Manual* 596 (2d ed.1986), authored by S. Saltzburg, L. Schinasi, and D. Schlueter, to use the balancing test provided by Mil.R. Evid. 403 as a means to determine the probative value and admissibility of evidence which arguably could be relevant to attack or bolster the basis of an expert's opinion. 25 MJ at 107.

However, we are not called upon here to determine if the military judge erred in permitting the cross-examination, but rather to determine the standard by which the Court of Military Review reviews the military judge's ruling.

The Government contends that the Air Force Court of Military Review "substituted its own judgment for that of the military judge rather than determining whether his ruling was an abuse of discretion." This argument misunderstands the role Congress intended a Court of Military Review to play in the military justice system.

■ Article 66(c) establishes the standard of review. Therein, Congress provided:

In a case referred to it, the Court of Military Review may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law *and fact* and *determines, on the basis of the entire record, should be approved.* In considering the record, *it may weigh the evidence,* judge the credibility of the witnesses, and *determine controverted questions of fact,* recognizing that the trial court saw and heard the witnesses.

(Emphasis added.)

This awesome, plenary, *de novo* power of review grants unto the Court of Military Review authority to, indeed, "substitute its judgment" for that of the military judge. It also allows a "substitution of judgment" for that of the court members. In point of fact, Article 66 requires the Court of Military Review to use its judgment to "determine[ ], on the basis of the entire record" which findings and sentence should be approved. This mandate neither stops the Court of Military Review from applying an "abuse of discretion" test nor requires such a test.

[I]t may be that the Court of Military Review concluded that the military judge abused his discretion under Mil.R.Evid. 403. Certainly, it is within their power to make such a determination as well as to use their mixed-law/fact-finding powers to *substitute* their own judgment for that of the military judge....

*United States v. Martin,* 20 MJ 227, 230 (CMA 1985) (emphasis added), *cert. denied,* 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986); *see also* 20 MJ at 233 (Everett, C.J., concurring in the result).

■ On the other hand, the Court of Military Appeals may only act on such cases which are either "affirmed or set aside as incorrect in law by the Court of Military Review." Art. 67(d). This Court would be required to use an "abuse of discretion" test should the military judge enjoy any discretion in his ruling.

■ Given these congressionally mandated roles of the respective appellate courts, we must answer the certified question in the negative. The Court of Military Review was not "incorrect in law" when it reversed the ruling of the military judge.

The decision of the United States Air Force Court of Military Review ordering a rehearing on sentence is affirmed. The record of trial is returned to the Judge Advocate General of the Air Force for compliance with the decision of that court.

Chief Judge EVERETT and Judge SULLIVAN concur.