# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DAVID W. OLIVER**
**United States Army, Appellant**

ARMY 20110986

Headquarters, Fort Bliss
Karen W. Riddle and Craig S. Denney, Military Judges
Colonel Francis P. King, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

2 May 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of conspiracy and failure to obey a lawful general regulation, in violation of Articles 81 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ. The central issue of this appeal is whether an organization called Dark Horse, of which appellant was allegedly a member, was an extremist organization as defined by Dep't of Army Reg. 600-20, Army Command Policy [hereinafter AR 600-20], para. 4-12 (18 Mar. 2008). Consistent with our decision in a companion case, *United States v. Moyers*, ARMY 20110975 (Army Ct. Crim. App. 31 March 2014) (mem. op.), *recon. granted and affirmed* (Army Ct. Crim. App. 28 April 2014) (summ. disp.), we hold that Dark Horse did not meet the regulatory definition of extremist organization. Consequently, appellant's Article 92, UCMJ, conviction for

wrongfully participating in an extremist organization is legally and factually insufficient. For similar reasons, his conviction for conspiracy to fail to obey a lawful general regulation is also legally and factually insufficient. We grant relief in our decretal paragraph. This relief moots appellant's other claims.

## BACKGROUND

Appellant and Specialist (SPC) Moyers deployed to Iraq with the same unit in 2009, returning in early 2010. In July or August 2010, SPC Moyers approached appellant about joining a group named "Dark Horse." Specialist Moyers told him the purpose of the group was to defend the constitution and to fight alongside the military if the government were to become corrupt. In September 2010, appellant and his wife shared an off-post apartment with SPC Moyers and his wife. Specialist Moyers testified that after they moved in together, he gave appellant a patch signifying membership in Dark Horse. Specialist Moyers also testified that he had his wife sew a lieutenant general's insignia on a desert combat uniform for appellant. Specialist Moyers tried to give appellant that jacket, but appellant did not seem interested. Specialist Moyers then placed the jacket on the back of the kitchen chair in the shared apartment.

When questioned by law enforcement personnel, appellant admitted his involvement in the group. Special Agent Day, who interviewed appellant, testified that appellant was aware of the objectives of the organization and that appellant assumed the organization was illegal. Appellant stated that he understood that the purpose of Dark Horse was to defend the constitution by force if necessary in case the government became corrupt. Appellant also sold an AK-47 rifle to SPC Moyers.

Appellant was found guilty of the following charges and specifications:

CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 81

THE SPECIFICATION: In that [appellant], U.S. Army., did, at or near El Paso, Texas, between on or about 1 May 2009 until on or about 12 October 2010, conspire with SPC Christopher Moyers and SPC Jessie Ruiz to commit an offense under the Uniform Code of Military Justice, to wit: failure to obey a lawful general regulation, and in order to effect the object of the conspiracy the said SPC Christopher Moyers did organize and assign rank and position to members of an extremist organization.

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 92

2

> THE SPECIFICATION: In that [appellant], U.S. Army., did, at or near El Paso, Texas, between on or about 1 May 2009 until on or about 12 October 2010, fail to obey a lawful general regulation, to wit: paragraph 4-12, Army Regulation 600-20, dated 18 March 2008, by wrongfully participating in an extremist organization.

There was no evidence introduced at trial indicating that Dark Horse advocated racial, gender, or ethnic hatred or intolerance; advocated, created, or engaged in illegal discrimination based on race, color, gender, religion, or national origin, or advocated the use of or use force or violence or unlawful means to deprive individuals of their rights under the United States Constitution or the laws of the United States, or any State, by unlawful means. Further, there was no evidence of an agreement between appellant and anyone else to participate in an organization with those aims.

## LAW AND DISCUSSION

This court reviews legal sufficiency issues de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). In conducting our review, we must determine "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987), citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Article 66(c), UCMJ, requires the Court of Criminal Appeals to conduct a de novo review of the factual sufficiency of the case. *See United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990). The review "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Washington*, 57 M.J. at 399. This court "applies neither a presumption of innocence nor a presumption of guilt," but "must make its own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Id*.

This case turns on whether Dark Horse was an extremist organization as defined by AR 600-20, paragraph 4-12. We recently held in the companion case of *United States v. Moyers*, ARMY 20110975 (Army Ct. Crim. App. 31 March 2014) (mem. op.), *recon. granted and affirmed* (Army Ct. Crim. App. 28 April 2014) (summ. disp.), that Dark Horse did not meet that definition.[1] The beginning of paragraph 4-12 emphasizes the importance of treating all Soldiers without regard to race, color,

---

[1] The evidence in this case differed from the evidence presented in *Moyers*. However, neither case presented evidence of Dark Horse being an extremist organization as defined by AR 600-20, para. 4-12.

religion, gender, or national origin as a matter of Army policy. Furthermore, the section states that it is incumbent upon the command to enforce this policy, and it is "vitally important to unit cohesion and morale." The paragraph goes on to prohibit participation in extremist organizations, and defines these groups as

> ones that advocate racial, gender, or ethnic hatred or intolerance; advocate, create, or engage in illegal discrimination based on race, color, gender, religion, or national origin, or advocate the use of or use force or violence or unlawful means to deprive individuals of their rights under the United States Constitution or the laws of the United States, or any State, by unlawful means.

As we noted in *Moyers*, "[t]he plain language of AR 600-20, paragraph 4-12, demonstrates it is designed to prohibit extremist activities that target people based on their status in violation of their constitutional rights. The entire focus of the paragraph is the prevention of hate crimes in the Army and membership by soldiers in organizations that espouse discriminatory ideologies."[2] *Moyers*, slip. op. at 7-8. The absence of any evidence that Dark Horse was organized for action contrary to AR 600-20, para. 4-12 or took action prohibited by the regulation compels the result herein: a finding of legal and factual insufficiency for violating Article 92, UCMJ.

For similar reasons, we conclude that the evidence is legally and factually insufficient to sustain appellant's conviction for conspiracy to fail to obey a lawful general regulation. The elements of the charged conspiracy are: (1) the accused entered into an agreement with another person to fail to obey a lawful general regulation; and (2) while the agreement continued to exist, and while the accused remained a party to the agreement, the accused or his co-conspirator performed an overt act for the purpose of bringing about the object of the conspiracy. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 5.b. "The object of the agreement must, at least in part, involve the commission of one or more offenses under the code." *Id.* at ¶ 5.c.(3). That appellant and his alleged co-conspirators entered into agreements regarding Dark Horse is without dispute; however, the government failed to establish that those agreements included forming an extremist organization as defined by AR 600-20, para. 4-12. Thus, the object of those

---

[2] This regulation also expressly provides that paragraph 4-12 must be used in conjunction with Dep't of Def. Dir. 1325.6, Guidelines for Handling Dissident and Protest Activities Among members of the Armed Forces (1 October 1996), *reissued as* Dep't of Def. Instr. 1325.6, Guidelines for Handling Dissident and Protest Activities Among members of the Armed Forces (1 Nov. 2009). The regulation also notes that Dep't of Army Pam. 600-15, Extremist Activities (1 June 2000) provides guidance in implementing Army policy on extremist activities and organizations. Although these documents use different language than para. 4-12, this difference is not dispositive. *See Moyers*, slip. op. 7-9.

agreements was not and could not be a failure to obey a lawful general regulation – *i.e.,* AR 600-20, para. 4-12.

## CONCLUSION

The findings and the sentence are set aside.  Charge I and its Specification and Charge II and its Specification are dismissed.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court