# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Lieutenant Colonel KENNETH A.R. PINKELA**
**United States Army, Appellant**

ARMY 20120649

Headquarters, U.S. Army Military District of Washington
Denise R. Lind and Michael J. Hargis, Military Judges
Lieutenant Colonel Brian A. Hughes, Acting Staff Judge Advocate (pretrial)
Colonel Corey L. Bradley, Staff Judge Advocate (post-trial)

For Appellant: Philip D. Cave, Esq.; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John Choike, JA; Captain Timothy C. Erickson, JA (on brief).

14 November 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of willful disobedience of a superior commissioned officer, one specification of abusive sexual contact, one specification of aggravated assault, one specification of conduct unbecoming an officer, and one specification of reckless endangerment in violation of Articles 90, 120, 128, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 928, 920, 933, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dismissal and confinement for one year.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ. Of appellant's five assignments of error, one warrants discussion, but none warrant relief.[1] In particular, the evidence is factually sufficient regarding

---

[1] Appellant's personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

appellant's conviction for assault with a means or force likely to produce death or grievous bodily harm.[2]

## BACKGROUND

Appellant was diagnosed as HIV-positive in 2006. In late 2008, appellant became involved in a mentoring relationship with First Lieutenant (1LT) CH. First Lieutenant CH visited appellant in late December 2008 at appellant's home in Arlington, Virginia. Prior to the visit, 1LT CH told appellant he would not have sex with him if appellant was HIV-positive. First Lieutenant CH testified that on 28 December 2008, appellant sexually assaulted him in appellant's home by inserting a metal shower enema known as a "shower shot" into his anus against his will in preparation for anal intercourse, causing rectal bleeding.

Immediately following this incident, appellant and 1LT CH engaged in consensual anal intercourse with appellant penetrating the anus of 1LT CH with his penis. Before the intercourse, 1LT CH asked appellant if he would wear a condom. Appellant stated he didn't do that and offered to provide test results showing he was not HIV-positive. At that point 1LT CH trusted appellant's word and consented to unprotected anal intercourse. During the intercourse, appellant told 1LT CH to sniff a substance referred to as "poppers" to help relax, which he did. First Lieutenant CH testified that the sex was very painful. Chat logs in evidence in this case contain an entry from appellant that he did not ejaculate during anal intercourse with 1LT CH. First Lieutenant CH subsequently tested positive for the HIV virus.

An expert witness for the government, Dr. Z, examined appellant's medical records and determined that he had no doubt appellant was HIV positive in 2008, and that appellant had a "pretty significant viral load" in August of 2007, and "pretty much the same number" in May of 2009. Additionally, appellant's treating physician, Dr. D, testified that she began treating appellant in 2006 to have his first HIV evaluation done, and that appellant never disputed his HIV diagnosis. Doctor

---

[2] Appellant's clemency submission raised two legal errors: first, a claim that the evidence does not support the convictions and, second, a claim that his due process rights were violated by a speedy trial violation. The addendum to the staff judge advocate's recommendation identified these alleged errors, but did not acknowledge whether corrective action on the findings or sentence should be taken regarding these alleged legal errors. This omission of whether corrective action is warranted is error. *See* Rule for Courts-Martial 1106(d)(4). However, we need not remand for a new recommendation and action because we have examined those underlying claims and find that neither claim warrants relief. Therefore, it is not foreseeable these alleged legal errors would have led to a favorable recommendation or to corrective action by the convening authority. *See United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988).

(Lieutenant Colonel) O, a defense witness qualified as an expert in HIV testing, treatment, and diagnosis, testified that based upon his review of literature identifying the per act rate of transmission of HIV, "the general picture that's given is that HIV is hard to get in sexual transmission settings. So, for instance, there was one paper that I reviewed that estimated based on several different studies of meta-analysis indicated that per act that the rate of transmission was 1.4 percent for HIV."

## LAW AND DISCUSSION

Article 66(c), UCMJ, requires this court to conduct a de novo review of the factual sufficiency of the case. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). The review "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Id.* This court "applies neither a presumption of innocence nor a presumption of guilt," but "must make its own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Id.*

Article 128(b), UCMJ, provides in relevant part: "Any person subject to this chapter who—(1) commits an assault with a dangerous weapon or a means or force likely to produce death or grievous bodily harm . . . is guilty of aggravated assault . . . ." The predecessor to our superior court has expressly stated that the term "'likely' in the phrase 'likely to produce death or grievous bodily harm'" does not involve "nice calculations of statistical probability." *United States v. Joseph*, 37 M.J. 392, 396 (C.M.A. 1993). "[T]he question is not the statistical probability of HIV invading the victim's body, but rather the likelihood of the virus causing death or [grievous] bodily harm *if* it invades the victim's body. The probability of infection need only be '*more than merely a fanciful, speculative, or remote possibility*.'" *Id.* at 397 (citing *United States v. Johnson*, 30 M.J. 53, 57 (C.M.A. 1990)) (emphasis added). Moreover, "[w]here the magnitude of harm is great, there may be an aggravated assault, even though the risk of harm is statistically low." *United States v. Dacus*, 66 M.J. 235, 240 (C.A.A.F. 2008) (quoting *United States v. Weatherspoon*, 49 M.J. 209, 211 (C.A.A.F. 1998)).

In this case, the evidence established that appellant engaged in unprotected anal intercourse with 1LT CH while appellant was HIV-positive. Expert testimony adduced that appellant's viral load was "pretty significant" and that there was a 1.4 percent per act sexual transmission rate of HIV. The probability of infection under these facts is "more than merely a fanciful, speculative, or remote possibility." *Id.* Accordingly, we are convinced that the evidence is factually sufficient to support appellant's conviction for aggravated assault.

## CONCLUSION

On consideration of the entire record, the matters submitted pursuant to *Grostefon*, and the assigned errors, the findings and sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court