# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**ANTHONY D. MCCALL**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201200461**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 12 December 2013.
**Military Judge:** Maj N.A. Martz, USMC.
**Convening Authority:** Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** LtCol K.S. Woodard, USMC.
**For Appellant:** CAPT Tierney M. Carlos, JAGC, USN.
**For Appellee:** Capt Corey A. Carver, USMC.

**24 March 2015**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

On 27 June 2012, a military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of 15 specifications of wrongful possession of a controlled substance in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The military judge sentenced the appellant to confinement for two years, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority (CA) suspended all confinement in excess of 180 days.

CORRECTED COPY ISSUED 27 MARCH 2015 TO CORRECT CAPTION

On 30 May 2013, a panel of this court set aside the findings and the sentence, finding the appellant did not receive the benefit of a term in the pretrial agreement pertaining to forfeitures, and authorized a retrial. *United States v. McCall*, No. 201200461, 2013 CCA LEXIS 471 (N.M.Ct.Crim.App. 30 May 2013).

At a rehearing on 12 December 2013, a military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of the same 15 specifications of wrongful possession of a controlled substance in violation of Article 112a, UCMJ. The military judge sentenced the appellant to confinement for 180 days, hard labor without confinement for 15 days, reduction to pay grade E-1, and a bad-conduct discharge. Pursuant to a new pretrial agreement, the CA disapproved the hard labor without confinement but approved the remainder of the sentence.

On 28 October 2014, after our second review of the case, we found the appellant was denied effective assistance of counsel when his counsel failed to submit clemency matters as the appellant had desired. *United States v. McCall*, No. 201200461, 2014 CCA LEXIS 805 (N.M.Ct.Crim.App. 28 Oct 2014). Accordingly, we set aside the CA's action of 6 March 2014 and remanded for new post-trial processing. *Id.* We did not address the appellant's claim that his punitive discharge was inappropriately severe.

New processing has now been completed; after considering matters submitted by the appellant, the CA took fresh action on 24 January 2015. He again disapproved the hard labor without confinement but approved the remainder of the sentence, including the bad-conduct discharge.

The appellant raises no new assignments of error. We find that the new CA's action, where the CA has now considered matters submitted by the appellant, cures the post-trial processing error. We are thus left with a single asserted error: that the bad-conduct discharge is inappropriately severe.

After careful consideration of the record and the briefs of the parties, we find that no error materially prejudicial to substantial rights of the appellant occurred. We therefore affirm the findings and the approved sentence. Arts. 59(a) and 66(c), UCMJ.

2

**Background**

In January 2011, the appellant stole a prescription pad from his orthopedic surgeon's office bearing the doctor's name and qualifications. The appellant used this pad to create forged prescriptions on his personal computer which, in turn, he used to wrongfully obtain meperidine,[1] an opiate-derivative pain medication and Schedule II controlled substance. Between 24 April and 4 October 2011, the appellant forged 13 prescriptions for 30 pills each and two prescriptions for 180 pills each — a total of 750 pills in 164 days.

In extenuation and mitigation, the defense presented evidence of the appellant's years of service to the Marine Corps, including rising to the rank of staff sergeant and combat experience as an artilleryman; his good military character and rehabilitative potential; and an extensive history of medical problems, including several knee reconstructive surgeries.

**Discussion**

We review the appropriateness of a sentence *de novo*,[2] giving "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'"[3] Assessing sentence appropriateness "involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves"; clemency, on the other hand, "involves bestowing mercy" and is a power preserved for other authorities.[4]

The appellant asserts the approved bad-conduct discharge is inappropriate because of his 16 years of service prior to committing the offenses, his combat history, and "the fact that his misconduct resulted from an addiction to prescription pain medication [.]"[5] The appellant's spiral from a staff noncommissioned officer with years of faithful service to

---

[1] And Meperitab, a brand name for meperidine.

[2] *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990).

[3] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

[4] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[5] Appellant's Brief of 17 Jul 2014 at 11.

addiction to pain killers and ultimately a period of homelessness is indeed heart-rending and a cautionary tale. Nevertheless, while these are matters for other authorities to consider in deciding whether to bestow mercy, we find that, given the seriousness of the offenses and the appellant's prior disciplinary history,[6] the sentence as approved is appropriate.

## Conclusion

The findings and the sentence are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

---

[6] In June 2010, the appellant was reduced from staff sergeant to sergeant as a result of a summary court-martial for forging his commanding officer's signature on official administrative documents.

4