# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39120**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Carl J. LAMBERTSON**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 11 January 2018

———————————

*Military Judge:* Joshua E. Kastenberg.

*Approved sentence:* Dishonorable discharge, confinement for 40 months, reduction to E-1, and a reprimand. Sentence adjudged 26 April 2016 by GCM convened at Dyess Air Force Base, Texas.

*For Appellant:* Major Allen S. Abrams, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Captain Anne M. Delmare, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, MINK, and DENNIS, *Appellate Military Judges*.

Chief Judge MAYBERRY delivered the opinion of the court, in which Judge MINK and Judge DENNIS joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

MAYBERRY, Chief Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas pursuant to a pretrial agreement

(PTA), of one specification each of wrongfully possessing, viewing, and receiving child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The court sentenced Appellant to a dishonorable discharge, confinement for 40 months, total forfeiture of pay and allowances, reduction to E-1, and a reprimand. The convening authority disapproved the adjudged forfeitures, waived the mandatory forfeitures for six months, and approved the remainder of the adjudged sentence.

Appellant asserts his sentence is inappropriately severe.[1] We find no prejudicial error and affirm.

# I. BACKGROUND

Appellant's misconduct came to light in early 2015 when his email address surfaced in a Colorado Springs Internet Crimes Against Children (ICAC) investigation. Eventually, the case was turned over to the Dyess Air Force Office of Special Investigations (AFOSI), who coordinated with the Taylor County Sherriff's Office in Abilene, Texas. A search warrant was executed at Appellant's off-base home on 30 July 2015 and a number of electronic devices were seized. The Defense Computer Forensic Laboratory found over 4,100 images of child pornography and other uncharged images (depicting glamor, erotic, nude, or other images of young individuals, a number of whom appear to be under the age of 18) on two laptops. Appellant was charged with possessing, viewing, and receiving 591 images of child pornography, 231 of which depicted known victims identified by the National Center for Missing and Exploited Children.

Appellant admitted to possessing and viewing the 591 images over approximately a three year period beginning 12 January 2012. He admitted to receiving over 295 images over a one year period from 27 January 2011 through 11 January 2012. The military judge *sua sponte* conducted an unreasonable multiplication of charges analysis pursuant to *United States v. Quiroz*, 55 M.J. 334, 338–39 (C.A.A.F. 2001), and found each specification was aimed at distinctly separate criminal acts, did not represent or exaggerate criminality, or unreasonably increase the punitive exposure. Both parties agreed. The charged images depict minors involved in bestiality, minors engaged in sex acts with other minors, minors engaged in sex acts with adults, minors masturbating or being penetrated digitally or by a foreign object, and minors posing nude. In various images the children were bound with tape or rope. The ages of the children appear to range from infancy to early pre-pubescence.

---

[1] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Appellant faced a maximum punishment of, *inter alia*, confinement for 40 years. Trial counsel requested confinement for seven years, a dishonorable discharge, reduction to E-1, and total forfeiture of all pay and allowances. Trial defense counsel made no specific sentence recommendation but asked that confinement not exceed 24 months. The PTA capped confinement at five years.

## II. DISCUSSION

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Pursuant to Article 66(c), UCMJ, this court should only affirm sentences which it finds are correct in law and fact, and which on the basis of the entire record should be approved.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. Clemency involves bestowing mercy -- treating an accused with less rigor than he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). Sentence appropriateness is assessed by "considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006) (citations omitted).

Appellant argues that his sentence is unduly severe and should be reduced based on his difficult upbringing, including being a victim of similar abuse as a child. He asserts this serves as both mitigation as well as validation of his willingness and ability to be rehabilitated. Specifically, he requests reduction of his length of confinement or, alternatively, only a reduction to the grade of E-4 be affirmed. This same evidence was available to the military judge and the convening authority when they imposed and approved the sentence of which Appellant now complains.

Appellant's sentence, which included confinement less than one-tenth of the maximum authorized and two-thirds of his negotiated PTA cap, is correct in law and fact. Appellant has provided no justification to support a reduction of any aspect of his sentence. Having given individualized consideration to the nature and seriousness of these crimes, Appellant's record of service, and all other matters contained in the record of trial, we conclude the sentence is not inappropriately severe based on the facts and circumstances of this particular case.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).[2] Accordingly, the findings and the sentence are **AFFIRMED.**

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[2] On appeal, Appellant's counsel asserts that one of the images Appellant pleaded guilty to does not depict sexually explicit conduct. We agree, but note that paragraphs six and ten of the Stipulation of Fact indicate that a total of 71 images and four videos were attached to seven emails found on Appellant's Yahoo account and the Government included 30 images and two videos from those attachments as images charged as having been viewed but not possessed. Neither Appellant nor his counsel at trial disputed this evidence. Even if one less video is considered from the totality of the child pornography Appellant admitted to having viewed, it does not change the providency of his plea or the appropriateness of his sentence.