# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39879 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Patrick A. CAFFREY**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 19 January 2022

———————————

*Military Judge:* Christopher M. Schumann; Andrew R. Norton (remand).

*Sentence:* Sentence adjudged on 28 January 2020 by GCM convened at Mountain Home Air Force Base, Idaho. Sentence entered by military judge on 2 March 2020 and reentered on 9 February 2021: Dishonorable discharge, confinement for 2 years, and reduction to E-1.

*For Appellant:* Major Jenna M. Arroyo, USAF.

*For Appellee:* Colonel Naomi P. Dennis, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Allison R. Gish, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Senior Judge KEY delivered the opinion of the court, in which Chief Judge JOHNSON and Judge ANNEXSTAD joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

KEY, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement, of two specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.[1] These two specifications pertained to offenses committed in 2018. The military judge sentenced Appellant to a dishonorable discharge, confinement for two years, and reduction to the grade of E-1.

Appellant's case is before us for a second time. His case was originally submitted to this court for review on its merits without any assignments of error. Although not raised by Appellant, we determined the convening authority had erred by not taking action on Appellant's sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)), and we remanded his case to the Chief Trial Judge, Air Force Trial Judiciary, for corrective action. *See United States v. Caffrey*, No. ACM 39879, 2021 LEXIS 4, at *7–8 (A.F. Ct. Crim. App. 8 Jan. 2021) (unpub. op.). The convening authority subsequently approved Appellant's sentence, resulting in a new entry of judgment. When this case was returned to us, Appellant raised a single assignment of error: whether his sentence is inappropriately severe. We find no error materially prejudicial to Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

In August 2018, Appellant and his wife attended a wedding in Caldwell, Idaho, with plans to spend the night at the house of a friend of Appellant's. According to Appellant, he drank "an abundance of alcohol" at the wedding. Once at his friend's house, Appellant continued to drink while he, his wife, and other members of the household sat around the kitchen table conversing and playing card games. Later in the evening, Appellant's friend's 12-year-old sister, BM, took a seat at the table next to Appellant.[2] Appellant had his arm on

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Although Appellant knew BM, he had not seen her in the nine years preceding this incident. We note that the parties stipulated that BM was three years old in 2005 when Appellant met her, which would make her approximately 16 years old at the time of the offenses in 2018. BM's mother testified, however, that BM was born in 2006. In another part of the stipulation of fact, the parties agreed that BM was 12 years old

the back of her chair. At some point, Appellant put his hand on BM's back and then slid his hand down so that it touched her buttocks over her shorts for "a couple of seconds." He then placed his hand on her thigh and then on her vulva, over her shorts. BM stood up from the table and left the room.

In February 2019, BM told her older sister what had happened because her brother—Appellant's friend —was going to get married, and BM was concerned Appellant would come back for the wedding. This led to BM's sister confronting Appellant about the incident via text message. Appellant responded to BM's sister by saying he had not touched BM inappropriately. Appellant then decided to relay the accusation to his friend who, in turn, threatened to kill Appellant—a threat which Appellant reported to a co-worker and his first sergeant. In the ensuing investigation, Appellant eventually confessed to touching BM's thigh and vulva after initially equivocating on whether he had done so.

Appellant ultimately pleaded guilty to two specifications of sexual abuse of a child (one for touching BM's buttocks and one for touching her vulva). This meant the maximum sentence Appellant faced was confinement for 40 years, reduction to the grade of E-1, forfeiture of all pay and allowances, and a dishonorable discharge. Appellant's pretrial agreement limited the maximum confinement the convening authority could approve to 30 months, but it did not otherwise restrict the convening authority's discretion. Trial counsel asked the military judge to sentence Appellant to "at least four years" and a dishonorable discharge. Trial defense counsel, on the other hand, did not recommend a specific sentence, but asked the military judge to neither sentence Appellant to four years of confinement nor adjudge a dishonorable discharge. The military judge sentenced Appellant to two years of confinement, a dishonorable discharge, and reduction in grade to E-1.

During the Government's sentencing case, trial counsel called BM's mother to testify about how BM had become less affectionate, less trusting, and more isolated since she disclosed the abuse. BM also testified that she was "confused and scared" when Appellant touched her and that she still felt "betrayed" and "violated" at the time of the trial. The Defense introduced a number of character letters from Appellant's co-workers and supervisors attesting to his good military character, his good duty performance, and their support for Appellant.

---

"[a]t all dates and times relevant" to the specifications. During his providence inquiry, Appellant repeatedly agreed that BM had not attained the age of 16 years at the time of his offenses. Considering the entirety of Appellant's providence inquiry and all the matters in the record of trial, we conclude the reference to BM being three years old in 2005 was an oversight. Appellant has not raised the matter as an error and our review has not disclosed any prejudice.

Appellant's first sergeant also testified that Appellant had "great" rehabilitation potential. During his unsworn statement, Appellant turned to BM and her family members in the gallery and apologized to them. He also told the military judge he had been raised in an abusive home and was homeless for a period in high school until another family took him into their household. The Defense further introduced letters from Appellant's wife, mother, father-in-law, and two members of the family who took Appellant in, all of which described Appellant's character in a positive light.

## II. DISCUSSION

On appeal, Appellant contends the dishonorable discharge component of his sentence renders his overall sentence inappropriately severe. He points to his intoxication at the time, the fact his offenses comprised only a "few seconds," the fact he confessed, his decision to plead guilty, his apology to BM and her family, his difficult childhood, and the unwavering support of those who presented matters on his behalf at his court-martial. He asks us to set aside his dishonorable discharge.

We review issues of sentence appropriateness de novo. *See United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to review a case for sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to, considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citation omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

We considered Appellant; the nature and seriousness of his admitted offenses; his record of military service; and all matters contained in the record of trial, to include all matters he submitted in his case in extenuation and mitigation. Although Appellant made a strong case in sentencing for the propositions that he had overcome adversity in his childhood, is highly regarded by others, and succumbed to a momentary lapse of judgment, his conduct was severe. We readily acknowledge we have seen far more aggravated cases, but Appellant molested his friend's sister, a child, while he sat at a kitchen table

with that friend. Appellant's conduct led to changes in BM's behavior which continued through Appellant's court-martial, nearly a year after BM disclosed the abuse. What Appellant characterizes as a "few seconds" amounts to serious offenses which subjected Appellant to 20 years in confinement for each specification. We conclude the approved sentence, including a dishonorable discharge, is not inappropriately severe, and we decline to grant him the relief he requests.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court