# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JUSTIN E. PARKER**
**United States Army, Appellant**

ARMY 20120713

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge
Lieutenant Colonel Craig E. Merutka, Staff Judge Advocate

For Appellant: Captain A. Jason Nef, JA; Captain Ian M. Guy, JA, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

27 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of rape of a person under the age of 12, and one specification of indecent liberties with a child, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2000) [hereinafter UCMJ] and one specification of abusive sexual contact with a child, in violation of Article 120, UCMJ (2006 & Supp. II 2009) (current version at 10 U.S.C. § 920 (2012)). The military judge convicted appellant, contrary to his pleas, of one specification of rape of a person under the age of 12 on divers occasions, one specification of assault with intent to commit rape, four specifications of indecent acts with a child, and one specification of indecent liberties with a child in violation of Articles 120 and 134, UCMJ (2000). The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-three years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved sixteen years confinement and approved the remainder of the sentence.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error which warrant discussion and relief.[*] First, we conclude the military judge failed to elicit an adequate factual basis that appellant's indecent liberties with a child under Article 134 were prejudicial to good order and discipline. Second, we find the evidence is legally and factually insufficient to establish that appellant's indecent acts with a child were prejudicial to good order and discipline. In all instances, appellant's conduct was service-discrediting, and we accordingly affirm his Article 134 convictions under a Clause 2 theory.

## BACKGROUND

Appellant was charged, *inter alia*, of assault with intent to commit rape, indecent liberties with a child, and indecent acts with a child, "which conduct, under the circumstances, was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces." Thus, the government charged appellant in each instance with violating Clause 1 and Clause 2 of Article 134, UCMJ.

Appellant pleaded guilty to one specification of indecent liberties with a child (the Specification of The Additional Charge). His stipulation of fact does not discuss either whether his conduct was prejudicial to good order and discipline or was service-discrediting. At the providence inquiry, the military judge properly defined Clause 1 as "'[c]onduct prejudicial to good order and discipline,' is conduct which causes a reasonably direct and obvious injury to good order and discipline." At his plea inquiry, appellant affirmatively answered that his conduct was prejudicial to good order and discipline. When asked why, appellant answered, "At the time I was an NCO . . . and had my Soldiers knew [sic] what was going on, I believe it would have affected the morale and discipline, and the respect they have for the military . . ." Appellant also answered affirmatively when the military judge asked him if it would have caused problems if other people in appellant's unit had known what appellant was doing.

Appellant pleaded not guilty to one specification of assault with intent to commit rape, one specification of indecent liberties with a child, and several specifications of indecent acts with a child. To prove the terminal element of Article 134, UCMJ, the trial counsel asked the following questions to the victim:

> Q: Now, [appellant], was a Soldier, had any Soldiers ever lived with you before this, or had you known any Soldiers?

---

[*] The matters personally submitted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) are without merit.

A: Yes.

Q: And what was your overall impression of Soldiers before [appellant] did this to you, what would you say?

A: I thought Soldiers were good and they were supposed to protect people and I knew that they were fighting for our country.  And I just thought they were good.

Q:  And what [appellant] did to you affect your overall impression of Soldiers in any way?

A:  Yes.

Q:  Will you tell the judge how?

A:  I don't think that Soldiers -- Well, not all of them are good.  I am not as trusting to them.  And just because somebody is in the Army I don't automatically trust them or believe that they are a good person.

The military judge found appellant guilty of all Article 134 specifications under both Clause 1 and Clause 2.

## LAW AND DISCUSSION

### A. Providence of Appellant's Guilty Plea Under a Clause 1 Theory of Criminality

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).  We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea.  *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

As our superior court recently reiterated, "[t]he . . . clauses of Article 134 constitute '. . . distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)); *see also Manual for Courts–Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶¶ 60.c.(2), (3).  It follows, then that "[v]iolation of one clause does not necessarily lead to a violation of the other . . . ." *Id*.  More

3

specifically to the case before us, the court in *Fosler* stated that "disorders and neglects to the prejudice of good order and discipline" are not synonymous with "conduct of a nature to bring discredit upon the armed forces . . . ." *Id*. Thus, if a specification alleges both Clause 1 and 2, then there must be a substantial basis in fact in the record to support a finding of guilty as to both.

Given the facts of this case, there is no question that appellant committed indecent liberties with a child. Moreover, the plea inquiry established facts demonstrating appellant's conduct was service-discrediting, and we are convinced that appellant understood that his conduct tended to discredit the armed forces. However, the plea inquiry failed to elicit an adequate factual basis regarding the prejudicial effect of appellant's misconduct on good order and discipline in the armed forces. Here the military judge properly defined and explained the term "prejudice to good order and discipline," as, *inter alia*, "conduct which causes a reasonably direct and obvious injury to good order and discipline." *See also MCM*, Part IV, ¶ 60.c.(2)(a).

While appellant acknowledged that his conduct violated Clause 1, his factual explanations as to why his conduct violated Clause 1 are insufficient. Appellant's stated reasons for his conduct violating Clause 1 depended on the contingent fact *if* other soldiers knew about his misconduct. He never stated that the public and other soldiers were aware of his conduct. This contingency does not establish a reasonably direct and obvious injury to good order and discipline. Put another way, he explained why his conduct would tend to bring discredit upon the armed forces, but not why his conduct had a reasonably direct and obvious injury good order and discipline. As a result, we therefore find a substantial basis in law and fact to question the providence of appellant's plea to committing conduct prejudicial to good order and discipline in violation of Clause 1 of Article 134. We find no substantial basis in law or fact to question appellant's guilty plea under a Clause 2 theory of criminality.

**B.  Legal and Factual Sufficiency Under a Clause 1 Theory of Criminality**

This court reviews legal sufficiency issues de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). In conducting our review, we must determine "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Article 66(c), UCMJ, requires the Court of Criminal Appeals to conduct a de novo review of the factual sufficiency of the case. *See United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990). The review "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency

beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Washington*, 57 M.J. at 399. This court "applies neither a presumption of innocence nor a presumption of guilt," but "must make its own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Id*.

During the contested portion of appellant's trial, the victim's testimony established beyond a reasonable doubt appellant's liability under a service-discrediting theory of criminality. However, that testimony does not establish a reasonably direct and obvious injury to good order and discipline. Nor does the other evidence admitted at trial establish appellant's liability under Clause 1 either. The government concedes that the evidence is insufficient to sustain convictions under Clause 1 for these contested offenses, and after reviewing the record, we accept that concession. Consequently, the evidence is legally and factually insufficient to establish appellant's guilt under a Clause 1 theory of liability for his Article 134 offenses.

## CONCLUSION

On consideration of the entire record, as well as those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the finding of guilty of Specification 1 of Charge III as follows:

> In that [appellant], U.S. Army, did, at or near Fort Carson, Colorado, between on or about 24 November 2003 and 3 March 2005, commit an assault upon Ms. SE, by trying to pull down her pajamas with his hands, while Ms. SE was trying to stop him, which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the findings of guilty of Specification 2 of Charge III as follows:

> In that [appellant], U.S. Army, did, at or near Fort Carson, Colorado, on divers occasions between on or about 24 November 2003 and 3 March 2005, commit an indecent act upon the body of Ms. SE, a female under 16 years of age, not the wife of [appellant], by touching her breasts and genitalia with his hand, and putting his mouth on her breast, with the intent to arouse and gratify the sexual desires of Ms. SE and [appellant], which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the findings of guilty of Specification 3 of Charge III as follows:

> In that [appellant], U.S. Army, did, at or near Fort Carson, Colorado, between on or about 24 November 2003 and 3 March 2005, commit an indecent act upon the body of Ms. SE, a female under 16 years of age, not the wife of [appellant], by rubbing his penis against Ms. SE's body, with the intent to arouse and gratify the sexual desires of Ms. SE and [appellant], which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the findings of guilty of Specification 4 of Charge III as follows:

> In that [appellant], U.S. Army, did, at or near Fort Carson, Colorado, between on or about 24 November 2003 and 3 March 2005, commit an indecent act upon the body of Ms. SE, a female under 16 years of age, not the wife of [appellant], by putting his finger inside Ms. SE's vulva, with the intent to gratify the sexual desires of Ms. SE and [appellant], which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the findings of guilty of Specification 5 of Charge III as follows:

> In that [appellant], U.S. Army, did, at an unknown location traveling between Fort Carson, Colorado and Texas, between on or about 24 November 2003 and 3 March 2005, take indecent liberties with Ms. SE, a female under 16 years of age, not the wife of [appellant], by rubbing his penis with his hand, while he was touching Ms. SE's breast with his other hand, with the intent to arouse and gratify the sexual desires of [appellant], which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the findings of guilty of Specification 6 of Charge III as follows:

> In that [appellant], U.S. Army, did, at or near Fort Hood, Texas, between on or about 20 July 2006 and 30

September 2007, commit an indecent act upon the body of Ms. SE, a female under 16 years of age, not the wife of [appellant], by touching her breast with his hand, with the intent to arouse and gratify the sexual desires of Ms. SE and [appellant], which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The court only affirms so much of the Specification of The Additional Charge as follows:

In that [appellant], U.S. Army, did at or near Fort Hood, Texas, between on or about 1 July 2006 and 30 September 2007, take indecent liberties with Ms. TB, a female under 16 years of age, not the wife of [appellant], by rubbing his genitalia on her genitalia and groin and touching her breast with his hand, with intent to arouse, appeal to, and gratify the lust and sexual desires of [appellant], which conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.  Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2014) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence as approved by the convening authority is AFFIRMED.   All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

7