# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## CODY A. MAHLENKAMP
### LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201400328
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 7 July 2014.
**Military Judge:** LtCol C.M. Greer, USMC.
**Convening Authority:** Commanding Officer, Marine Medium Tiltrotor Training Squadron 204, MAG 26, 2d MAW, Jacksonville, NC.
**Staff Judge Advocate's Recommendation:** LtCol J.J. Murphy, USMC.
**For Appellant:** CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee:** Capt Dale O. Harris, USMC; LT Ann E. Dingle, JAGC, USN.

### 26 February 2015

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of failure to go at the time prescribed to his appointed place of duty, wrongful possession of cocaine, and wrongful use of alprazolam and oxycodone, in violation of Articles 86 and 112a, Uniform Code of

Military Justice, 10 U.S.C. §§ 886 and 912a. The military judge sentenced the appellant to confinement for a period of 30 days, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged but, pursuant to a pretrial agreement, deferred and waived all automatic forfeitures.

In his sole assignment of error, the appellant contends that the approved bad-conduct discharge is inappropriately severe. After carefully considering the record of trial and the submissions of the parties, we find that no error materially prejudicial to substantial rights of the appellant occurred. We therefore affirm the findings and the approved sentence. Arts. 59(a) and 66(c), UCMJ.

## Background

On 6 February 2014, the appellant was working on the night shift at his squadron's hanger. At approximately 2230, his supervisor released him to go get chow, directing him to return by 2300 hours. Instead, the appellant, a mechanic for ground support equipment supporting the squadron's aircraft, went to his off-base home, took Xanax and Percocet — neither of which had been prescribed to him or were medically necessary — and fell asleep. Awaking after midnight, he called into work and was told to return immediately. On his way back, he drove his vehicle off the roadway and became stuck on the shoulder. Personnel responding to the vehicle found cocaine, which the appellant admitted was his.

## Analysis

We review the appropriateness of a sentence *de novo*, *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)**,** giving "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)(quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). Sentence appropriateness "involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves," while clemency "involves bestowing mercy" and is a power preserved for other authorities. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

Having carefully reviewed the record of trial and the parties' submissions, we are satisfied that the appellant got

2

the punishment he deserved.  Anything further would be an act of mercy for other authorities' consideration.  *Id.*

Although not raised, we note that the court-martial order (CMO), in what clearly is a scrivener's error, states for Specification 2 of Charge I, "Not Plea: Guilty" when it should read "Plea: Not Guilty."  Though we find no prejudice to the appellant, we will, to ensure accuracy of records, direct corrective action in our decretal paragraph.  *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998).

## Conclusion

The findings and the sentence are affirmed.  The supplemental CMO will reflect that the appellant's plea to Specification 1 of Charge I was Not Guilty.


For the Court



R.H. TROIDL
Clerk of Court

3