# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

## No. ACM S32514

_____

### UNITED STATES
*Appellee*

**v.**

### Keagen A. LUDOWESE
Airman First Class (E-3), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 17 June 2019

_____

*Military Judge:* Ryan A. Hendricks.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, hard labor without confinement for 45 days, reduction to E-1, and a reprimand. Sentence adjudged 13 February 2018 by SpCM convened at Eglin Air Force Base, Florida.

*For Appellant:* Major Todd M. Swensen, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire; Justin A. Miller (civilian intern).[1]

Before JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Judge KEY delivered the opinion of the court, in which Senior Judge JOHNSON and Judge POSCH joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

[1] Mr. Miller was a legal intern with the Air Force Legal Operations Agency and was at all times supervised by attorneys admitted to practice before this court.

_____

KEY, Judge:

A special court-martial composed of a military judge convicted Appellant, in accordance with his pleas, of one specification of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[2] The court-martial sentenced Appellant to a bad-conduct discharge, confinement for 60 days, hard labor without confinement for 45 days, reduction to the grade of E-1, and a reprimand. In accordance with a pretrial agreement (PTA), the convening authority approved confinement for only 45 days but otherwise approved the sentence as adjudged. Also in accordance with the PTA, the convening authority withdrew and dismissed with prejudice a specification alleging fraudulent enlistment charged as a violation of Article 83, UCMJ, 10 U.S.C. § 883.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant asserts on appeal that his sentence is inappropriately severe. We find no error that materially prejudiced a substantial right of Appellant and affirm the findings and sentence.

## I. BACKGROUND

In November 2017, Appellant attended an off-base house party hosted by a civilian friend. At the party, Appellant mentioned to the host that "it would be nice to do cocaine tonight." With the host's assistance, the two connected with a local drug dealer and purchased cocaine, which Appellant proceeded to use. One of the other party-goers witnessed and photographed Appellant's cocaine use. Approximately two days later, Appellant's conduct at the party was the topic of conversation between two of the party-goers and a security forces Airman assigned to a nearby installation. The Airman obtained a copy of the picture showing Appellant using cocaine and gave it to investigators from the Air Force Office of Special Investigations. On 7 November 2017, Appellant waived his rights under Article 31, UCMJ, 10 U.S.C. § 831, and confessed to using cocaine. Forensic analysis of Appellant's urine, obtained via search authorization, revealed the presence of cocaine metabolites, corroborating Appellant's confession.

---

[2] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

## II. DISCUSSION

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to determine sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citation omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

In February 2018, Appellant and the convening authority entered into a PTA wherein Appellant agreed, *inter alia*, to plead guilty to one specification of wrongful use of cocaine. In exchange, the convening authority agreed, *inter alia*, to withdraw and dismiss the remaining charge and specification of fraudulent enlistment and to not approve confinement in excess of 45 days if a bad-conduct discharge were to be adjudged (if no such discharge were to be adjudged, the convening authority would not approve confinement in excess of 90 days). During the sentencing proceeding, trial counsel recommended a sentence of three months' confinement, a bad-conduct discharge, "maximum" forfeitures, and reduction to the grade of E-1. The adjudged sentence included 60 days of confinement, which was reduced to 45 days by virtue of the PTA.

On appeal, Appellant asserts his sentence for a single use of cocaine is inappropriately severe and he asks this court to disapprove the portion of his sentence consisting of a bad-conduct discharge. Appellant argues his conviction is ample deterrence and that a bad-conduct discharge is unnecessary to rehabilitate him and will cause him difficulties in pursuing both education and employment. Appellant points to no legal errors in his case and is essentially asking this court to grant him clemency—an authority we are not vested with. We considered Appellant; the nature and seriousness of his admitted offense; his two-year and five-month record of military service at the time of his trial; and all matters contained in the record of trial, to include all matters he submitted in his case in extenuation, mitigation, and clemency. We conclude the approved sentence, including a bad-conduct discharge, is not inappropriately severe.

We note that the convening authority's action is dated 10 April 2018, but the promulgating order is dated 11 April 2018. *See* Rule for Courts-Martial (R.C.M.) 1114(c)(2). In addition, the order fails to set forth the charge and specification that were withdrawn after arraignment. *See* R.C.M. 1114(c)(1). We order the issuance of a new court-martial order correcting these errors.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[3] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[3] The staff judge advocate's recommendation to the convening authority erroneously stated the maximum imposable punishment included, *inter alia*, forfeiture of two-thirds of Appellant's pay per month for 12 months and a fine. *See* R.C.M. 201(f)(2)(B)(i), 1003(b)(3); *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226 at *7 (A.F. Ct. Crim. App. 31 Mar. 2017). However, Appellant has not asserted and we do not find any colorable showing of possible prejudice from the error under the facts of this case. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).