# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

No. ACM 39625

————————————

## UNITED STATES
*Appellee*

v.

## Richard R. NICHOL
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 23 July 2020

————————————

*Military Judge:* Shaun S. Speranza (arraignment); L. Martin Powell.

*Approved sentence:* Dishonorable discharge, confinement for 18 months, and reduction to E-1. Sentence adjudged 3 October 2018 by GCM convened at Tyndall Air Force Base, Florida.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire; Kelsey MacLeod (civilian extern).[1]

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Chief Judge J. JOHNSON delivered the opinion of the court, in which Senior Judge POSCH and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

---

[1] Ms. MacLeod was a legal extern with the Air Force Legal Operations Agency and was at all times supervised by attorneys admitted to practice before this court.

J. JOHNSON, Chief Judge:

A general court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of wrongful possession of child pornography on divers occasions in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[2] The military judge sentenced Appellant to a dishonorable discharge, confinement for 20 months, and reduction to the grade of E-1. In accordance with the terms of the PTA, the convening authority approved confinement for only 18 months, in addition to the dishonorable discharge and reduction in grade.

On appeal, Appellant personally raises a single issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): whether his sentence is inappropriately severe. We find it is not, and we affirm the findings and the sentence.

## I. BACKGROUND

In December 2016, the National Center for Missing and Exploited Children (NCMEC) received multiple notifications that Appellant had associated, by "tagging,"[3] four digital images of suspected child pornography to his account on a social media website.[4] The photos depicted what appeared to be four naked female minors "posed in various positions." Upon review, NCMEC was not able to confirm the images as known items of child pornography. However, NCMEC was able to use the email address associated with Appellant's social media account to determine Appellant's identity and status as an Air Force member. Based on this information, NCMEC notified the Air Force Office of Special Investigations (AFOSI).

AFOSI agents obtained a warrant to search Appellant's home and seized several electronic devices, on which they identified approximately 200 images of suspected child pornography. AFOSI sent the 200 images to NCMEC to determine if any matched NCMEC's database of known child pornography; in addition, AFOSI sent 25 of the images to the Defense Computer Forensics Laboratory (DCFL) for additional analysis of the images' metadata.

---

[2] All references in this opinion to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[3] Appellant explained to the military judge during the guilty plea inquiry that "tagging" involved marking photos that other users had put on the website as ones that Appellant "liked."

[4] The following factual summary is drawn primarily from the stipulation of fact Appellant signed in accordance with his PTA.

DCFL determined the 25 images had been downloaded onto a particular device on multiple distinct dates between 1 July 2015 and 7 February 2017, and were continuously maintained on the device thereafter. Of those 25 images, NCMEC determined that 14 of them matched known images from 10 unique known collections of child pornography. In the stipulation of fact Appellant signed pursuant to the PTA, he acknowledged that he knew "by downloading the images he was possessing illegal child pornography and that his possession was wrongful."

## II. DISCUSSION

### A. Law

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citing *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no authority to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

### B. Analysis

Appellant contends his sentence is inappropriately severe and asks this court to reduce his term of confinement to four months. Appellant argues a four-month term is sufficient to achieve two of the primary purposes of sentencing, and of confinement in particular—rehabilitation and specific deterrence. Appellant suggests it is "obvious" that, in light of his strong duty performance, "goal-oriented mindset," and commitment to his family, the stress that the investigation and trial caused Appellant and his family was in itself "enough to deter any future misconduct." Appellant contends that his offense resulted from an addiction to pornography generally, which—although not an excuse or defense for his behavior—distorted his judgment. Appellant asserts that he began treatment for his addiction even before his trial, and that by his fourth month in confinement he had completed the "major portions" of a 12-step program toward recovery.

As an initial matter, we note many of the factual assertions Appellant makes in his assignment of error with respect to addiction and treatment find

little support in the record. The Defense did not present such information at trial, Appellant waived the opportunity to present clemency matters before the convening authority took action on the trial results, and Appellant has not provided a declaration to this court in support of his brief.

On multiple occasions, Appellant knowingly accessed and downloaded images of child pornography. Many of the images in question depict female minors who appear to be significantly under the age of 18 years, and evidently depict the exploitation of children for sexual purposes. Moreover, Appellant's deliberate association of other images of naked apparent minors to his own social media account suggests a brazen attitude toward his offense.

Furthermore, the offense is a serious one. The continuing harm that the possession of child pornography causes to victims "is itself settled law." *United States v. Barker*, 77 M.J. 377, 384 (C.A.A.F. 2018) (citing *Osborne v. Ohio*, 495 U.S. 103, 111 (1990)). The stipulation of fact Appellant signed summarizes the harm experienced by one of the victims in this case, "S," who was "approximately seven to eleven years old at the time the photo [of her] was taken." "S's" mother was informed about Appellant's case, and according to the stipulation she described how "S" underwent weekly therapy sessions for more than ten months, and has suffered from emotional outbursts and other behavioral problems, anxiety, depression, and sleep disorders. Appellant stipulated that the problems "S" has experienced are "typical emotional effects experienced by child victims of sexual exploitation."

The maximum sentence for Appellant's offense included confinement for ten years, as well as a dishonorable discharge, reduction to the grade of E-1, and total forfeiture of pay and allowances. The military judge, who received all of the evidence and observed Appellant at the court-martial, determined that a 20-month term of confinement was appropriate, in addition to a dishonorable discharge and reduction to E-1. Appellant obtained the benefit of his PTA with the convening authority, who reduced Appellant's confinement to 18 months— a small fraction of the maximum imposable term.

As Appellant himself concedes, any pornography addiction was not a defense or excuse for his criminal acts. This court has no authority to grant clemency or mercy, see *Nerad*, 69 M.J. at 146, and Appellant's assertion that he is entitled to a shorter term of confinement as a matter of law is without merit. Having given individualized consideration to Appellant, the nature and seriousness of the offense, Appellant's record of service, and all other matters contained in the record of trial, we find his sentence—including 18 months of confinement—is not inappropriately severe. *See Sauk*, 74 M.J. at 606.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.[5]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[5] We note an error in the court-martial order with respect to the Specification of the Charge, which incorrectly omits the word "conduct." We direct the publication of a corrected court-martial order to remedy this error.